IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD THOMAS KENNEDY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 19-1311-CFC ) |
| THE UNITED STATES COURTS, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

**I.   INTRODUCTION**

Plaintiff Edward Thomas Kennedy ("Plaintiff"), who proceeds *pro se*, commenced this action on July 12, 2019 and at the same time filed a motion for leave to proceed *in forma pauperis*. (D.I. 1, 2) On July 23, 2019, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* based upon his annual income. (D.I. 6) Plaintiff, as "one of the people of Pennsylvania" moved for reconsideration, and the motion was denied on August 22, 2019. (D.I. 8, 10, 11) Plaintiff was given 30 days from August 22, 2019 to pay the $400 filing fee. Again, as "one of the people of Pennsylvania," he has filed a notice and objection, construed by the Court as a motion for reconsideration of the August 22, 2019 Order. (D.I. 12)

**II.   DISCUSSION**

Plaintiff moves for reconsideration on the grounds that the order violated 28 U.S.C. § 453, exceeds the Court's jurisdiction, and injured Plaintiff in his loss of rights. The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The

purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Upon review of the filings in the case, the Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's August 22, 2019 Order. Plaintiff must pay the $400 filing fee in full. *See* 28 U.S.C. § 1914. The Court has already given Plaintiff additional time to pay the filing fee.

2

(*See* D.I. 11). The filing fee is due on or before September 22, 2019 and, if it is not paid, the Complaint will be dismissed.

### III. CONCLUSION

For the above reasons, the Court will deny the motion for reconsideration. (D.I.12)

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

September 18, 2019
Wilmington, Delaware